IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| MICHAEL B. FOOTE and JOHN D'ANTONIO, JR., both individually and as former general partners and on behalf of DIAMOND PARTNERSHIP, and as officers of and on behalf of TOUCH 'EM ALL LTD., d/b/a ALBUQUERQUE SPORTSPLEX, <br><br>    Plaintiffs-Counterdefendants, <br>vs. <br><br>THE COUNTY OF BERNALILLO; BOARD OF COUNTY COMMISSIONERS OF BERNALILLO COUNTY, all individually and in their official capacities as County Commissioners for Bernalillo County, <br><br>    Defendants-Counterclaimants. | Nos. CIV 99-1434 PK/RLP |

MEMORANDUM OPINION AND ORDER

THIS MATTER comes on for consideration of Plaintiffs-Counterdefendants' Motion to Remand and for Expenses Including Attorney's Fees filed December 30, 1999 (doc. 7), and the court, being advised fully in the premises, finds that the action should be remanded, but that an award of attorney's fees is not warranted. The court will again remand the case to state

court for lack of subject matter jurisdiction pursuant to 28 U.S.C. § 1447(c). Accordingly, the court will not hear the supplemental state law claims. See 28 U.S.C. § 1367(c).

## Background

In Foote v. County of Bernalillo, Nos. 99-0658 PK/LCS, 99-0662 PK/LCS (D.N.M Oct. 1, 1999) (doc. 31), the court held that the federal claims in an earlier removed complaint were not ripe, thus, the court lacked subject matter jurisdiction and declined to exercise supplemental jurisdiction over the remaining state law claims. The case was remanded to state district court. The court subsequently denied a motion for clarification. Following remand, Plaintiffs-Counterdefendants (Plaintiffs) amended their complaint and Defendants-Counterclaimants (Defendants) removed a second time.

Two prior defendants in the case have been dismissed with prejudice: the Albuquerque Metropolitan Arroyo Flood Control Authority (AMAFCA), and Tim Eichenberg (individually and in his official capacity as director of AMAFCA).

## Discussion

Plaintiffs move to remand on the grounds that their federal claims are not ripe. When a plaintiff amends a complaint after remand of a removed action to state court, and new grounds for removal are added, a second removal petition may be filed. See O'Bryan v. Chandler, 496 F.2d 403, 410 (10th Cir. 1974).

2

However, the Second Amended Complaint does not differ from the earlier amended complaint in any material respect for the ripeness analysis, notwithstanding the apparent addition of an express equal protection claim (count III) and a claim alleging deprivation of a liberty interest in reputation (count V). These two claims arise from the same set of operative facts underlying the inverse condemnation claims. If state law provides an adequate procedure for seeking just compensation, a property owner must make use of these provisions before claiming a violation of the Just Compensation Clause. See Williamson County Reg'l Planning Comm'n v. Hamilton Bank, 473 U.S. 172, 195 (1985). In this circuit, "the ripeness requirement of Williamson applies to due process and equal protection claims that rest upon the same facts as a concomitant takings claim." See Bateman v. City of West Bountiful, 89 F.3d 704, 709 (10th Cir. 1996).

    Defendants argue that the liberty interest claim (count V) is not subject to a ripeness analysis and therefore provides a basis for removal jurisdiction. See Defendants-Counterclaimants' Response to Plaintiffs' Motion and Memorandum to Remand and For Expenses Including Attorney's Fees filed January 18, 2000 at 7 (doc. 8). Of course, a general interest in one's reputation does not qualify as a liberty interest protected against state deprivation under federal law. See Paul v. Davis, 424 U.S. 693, 711-12 (1976); Phelps v. Wichita Eagle-Beacon, 886 F.2d 1262, 1268-69 (10th Cir. 1989). The Second Amended Complaint alleges that

3

Plaintiffs were damaged in their ability to obtain management contracts and employment given the Defendants' actions in the zoning dispute. Plaintiffs contend that the Defendants charged them with six misdemeanor zoning violations that were ultimately settled, and that the Defendants' actions deprived them of a more lucrative sale of their property. This theory is part and parcel of the takings claims, and the circuit has expressed reluctance to undermine the Williamson rationale by allowing federal theories to go forward that would effectively circumvent the ripeness requirement. See Bateman, 89 F.3d at 709.

Given that Plaintiffs amended their complaint to provide an arguable basis for federal removal jurisdiction after the first remand, the court declines to award attorneys fees under 28 U.S.C. § 1447(c).

NOW, THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED that Plaintiff-Counterdefendants' Motion to Remand and for Expenses Including Attorney's Fees filed December 30, 1999 (doc. 7), is granted insofar as remanding this action to state court, but denied insofar as awarding expenses including attorney's fees.

IT IS FURTHER ORDERED that this action is remanded to Second Judicial District, State of New Mexico, for lack of subject matter jurisdiction, see 28 U.S.C. § 1447(c).

DATED this 25th day of January, 2000 at Santa Fe, New Mexico.

*Paul Kelly Jr.*
United States Circuit Judge
Sitting by Designation

Counsel:

Margaret P. Armijo and William J. Darling, William J. Darling & Associates, P.A., Albuquerque, NM, for Defendants-Counterclaimants.

Brad D. Hall, Gaddy & Hall, Albuquerque, NM, and Linda M. Vanzi, Vanzi & Gagne, P.C., Albuquerque, NM, for Plaintiffs-Counterdefendants.